[620 NYS2d 491]

In the Matter of RICHARD A. GOULD (Admitted as RICHARD ALAN GOULD), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, January 9, 1995

### APPEARANCES OF COUNSEL

*Gary L. Casella,* White Plains *(Etta M. Biloon* and *Faith Lorenzo* of counsel), for petitioner.

*Joseph A. Baum,* Flushing, for respondent.

**OPINION OF THE COURT**

Per Curiam.

In this proceeding, the respondent was charged with four allegations of professional misconduct. The Special Referee sustained all four charges. The petitioner moves to confirm the report of the Special Referee while the respondent cross-moves to disaffirm the report of the Special Referee and to dismiss all four charges in their entirety. In the event the Court sustains any or all of the charges, the respondent seeks to remit the matter to the petitioner or, for the imposition of a public censure.

Charge One alleged that the respondent engaged in an impermissible conflict of interest by representing differing interests in a matrimonial matter, in violation of Code of Professional Responsibility DR 5-105 (A), (B) and (C) (22 NYCRR 1200.24 [a], [b], [c]). The respondent represented a husband and wife in various legal matters from approximately 1986 through 1990. In or about 1989 and 1990, the respondent was involved in a business venture with the husband and wife.

In or about May 1990, at a time when the husband and wife had been married for approximately 19 years, the respondent and the wife commenced an intimate sexual relationship. In or about July 1990, the respondent represented both the husband and wife with regard to a separation agreement, which was executed on July 17, 1990. The respondent delivered letters dated July 17, 1990 to both the husband and wife advising them that there was an "inherent conflict" in his representation of them and confirming their consent to his continued representation of them.

The husband and wife signed the letters. However, the husband was, at the time, completely unaware that the respondent was engaged in an ongoing intimate sexual relationship with the wife. That relationship continued until about May 1991.

Charge Two alleged that the respondent engaged in an impermissible conflict of interest in violation of Code of Professional Responsibility DR 5-105 (A), (B) and (C) (22 NYCRR 1200.24 [a], [b], [c]). On or about July 30, 1990, the respondent commenced an action for divorce on behalf of the wife, alleging constructive abandonment by the husband. At the time, the husband was unaware that the respondent was engaged in

an intimate sexual relationship with the wife. The husband waived interposing an answer in the divorce action.

A judgment of divorce dated August 22, 1990 was granted to the wife in the Supreme Court, Westchester County.

Charge Three alleged that the respondent engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation in violation of Code of Professional Responsibility DR 1-102 (A) (4) (22 NYCRR 1200.3 [a] [4]). When the respondent represented the husband and wife with respect to the separation agreement in July 1990, he concealed from and/or failed to reveal to the husband that he had been engaging in an intimate sexual relationship with the wife. When the respondent represented the wife in August 1990 with respect to the uncontested divorce, he concealed from and/or failed to reveal to the husband that he had been engaging in an intimate sexual relationship with the wife.

Charge Four alleged that the respondent engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation in violation of Code of Professional Responsibility DR 1-102 (A) (4) (22 NYCRR 1200.3 [a] [4]). On or about January 2, 1992, the husband filed a complaint with the Grievance Committee for the Ninth Judicial District alleging that the respondent had been guilty of acts of professional misconduct. The respondent filed an answer to that complaint, dated January 17, 1992. In his answer, the respondent failed to adequately respond to allegations that he had concealed his intimate sexual relationship with the wife when he represented the husband and the wife in connection with the separation agreement and during the course of their uncontested divorce action.

By letter dated February 4, 1992, addressed to the respondent's counsel, the Grievance Committee requested information concerning the following statement contained in the respondent's answer: "At no time whatsoever, *during* the negotiations or preparation of the agreement did I have a relationship with [the wife]" (emphasis supplied). In order to resolve this matter, the Grievance Committee requested that the respondent advise it whether he had any personal relationship with the wife at any time *prior* to the negotiation or preparation of the separation agreement.

By letter dated February 14, 1992, the respondent gave the following response: "Please be advised that at no time prior to the negotiation or preparation of the Separation Agreement

did I have an intimate relationship with [the wife]. I did know [the wife] and [the husband] on a business and social basis".

After being advised that the Grievance Committee had obtained evidence that the respondent had, in fact, been involved in an intimate sexual relationship with the wife prior to the negotiation and preparation of the separation agreement, the respondent advised the Committee, through his attorney, that he wished to modify his statement of February 14, 1992.

In a deposition conducted at the petitioner's office on June 19, 1992, the respondent admitted that he had, in fact, had an intimate relationship with the wife prior to the execution of the separation agreement and that this relationship had concluded in or about May 1991. The respondent also admitted that he had made a false statement of fact to the Grievance Committee in his letter dated February 14, 1992.

After a review of the evidence adduced, we find that the Special Referee properly sustained all four charges. Accordingly, the petitioner's motion to confirm is granted and the respondent's cross motion is denied in its entirety.

In determining an appropriate measure of discipline to impose, the respondent asks the Court to consider his remorse, the overwhelming family problems with which he was beset at the time, his previously unblemished record, and his assertions as to the absence of any venality on his part. The respondent maintains that if any conflict of interest existed, it occurred with the informed consent of all parties.

Under the particular circumstances of this case, the respondent is suspended from the practice of law for a period of two years.

Given the nature of the respondent's misconduct, the names and identities of his clients will remain confidential.

MANGANO, P. J., BRACKEN, SULLIVAN, ROSENBLATT and THOMPSON, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent's cross motion is denied; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Richard A. Gould, is suspended from the practice of law for a period of two years, commencing February 10, 1995, and continuing until the further order of

this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the said period of two years upon furnishing satisfactory proof (a) that during the said period he refrained from practicing or attempting to practice law, (b) that he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10), and (c) that he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Richard A. Gould, shall desist and refrain (1) from practicing law in any form, either as principal or agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that all references to the names and identities of the victims of the respondent's misconduct contained in the records of the Grievance Committee and this Court shall be redacted and will remain confidential.